Filed 2/17/23  P. v. Perez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PERRY JOSEPH PEREZ, JR.,<br><br>Defendant and Appellant. | C096397<br><br>(Super. Ct. Nos. 21CR002957,<br>21CR003050) |

Defendant Perry Joseph Perez, Jr., pleaded guilty to burglary, receiving a stolen GMC Sierra truck, and receiving a stolen Toyota Corolla.  The trial court sentenced him to the upper term of six years for the burglary, and two concurrent terms of two years each for receiving the stolen GMC Sierra truck and the Toyota Corolla.

Defendant now contends (1) that under Penal Code section 654,[1] the trial court should have stayed his sentence for receiving the stolen GMC Sierra because he stole that truck in the burglary, and (2) if that sentence is stayed, we should remand the matter for reconsideration of the restitution fine.

---

[1]  Undesignated statutory references are to the Penal Code.

1

We conclude defendant has not established section 654 error. Accordingly, we do not address his restitution contention. We will affirm the judgment.

BACKGROUND

In case No. 21CR002957 (case 2957), a complaint charged defendant with burglary (§ 459 -- count 1), receiving a stolen GMC Sierra truck (§ 496d -- count 2), receiving a stolen Dodge Ram truck (§ 496d -- count 3), taking the Dodge Ram truck (Veh. Code, § 10851, subd. (a) -- count 4), and receiving a stolen wallet (§ 496, subd. (a) -- count 5). The complaint alleged defendant had a prior felony conviction (§ 666.5.) In case No. 21CR003050 (case 3050), a complaint alleged defendant received a stolen Toyota Corolla (§ 496d) and had a prior felony conviction. The prosecution moved to consolidate the cases and asserted the following facts for the first case: that in November 2021, the victim reported a burglary at her residence; personal items were stolen from the house and her late father's Dodge Ram truck was taken; that evening, officers responded to a report of a stolen GMC Sierra truck; the officers found defendant in the driver's seat of the GMC Sierra, and in searching defendant, they found items taken from the burglary including keys to the Dodge Ram.

In case 2957, defendant pleaded guilty to the burglary and to receiving the stolen GMC Sierra truck. And in case 3050, defendant pleaded guilty to receiving the stolen Toyota Corolla. The trial court received police reports as the factual bases for the pleas but neither are contained in the record.

The probation report described the offenses in case 2957 in relevant part as follows: that on November 19, 2021, officers located a stolen vehicle parked at a gas station. Defendant and his passenger were detained. Defendant carried an ignition key belonging to another vehicle, and the passenger carried a driver's license belonging to the victim's deceased father. The victim had reported a residential burglary that day; a truck had been stolen. The victim arrived on scene and recognized the ignition key as belonging to her father's truck that had been stolen during the burglary.

The trial court sentenced defendant to the upper term of six years for the burglary, and two concurrent terms of two years each for receiving the stolen GMC Sierra truck and the Toyota Corolla. The trial court explained: "The other two felonies [receiving a stolen GMC Sierra and receiving a stolen Toyota Corolla], the one in the first case along with the first degree, the Court will find that was a crime committed, in essence, at the same time and the same thing in the second case. So, those, instead of being consecutive, will be concurrent."

## DISCUSSION

Defendant contends the sentence for receiving the stolen GMC Sierra truck must be stayed under section 654 because he stole that truck in the burglary. The Attorney General counters that defendant abandoned this argument when he entered into the plea agreement with a maximum term, and the GMC Sierra was not the truck stolen in the burglary. We address the merits and conclude defendant has not established error under section 654.

Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." Under this provision, a defendant cannot be sentenced for both burglary and receiving stolen property taken during that burglary. (*People v. Landis* (1996) 51 Cal.App.4th 1247, 1254.)

Nevertheless, " '[p]erhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error.' [Citation.] ' "We must indulge in every presumption to uphold a judgment, and it is defendant's burden on appeal to affirmatively demonstrate error -- it will not be presumed. [Citation.]" [Citations.]' [Citation.] . . . [A]ny

3

uncertainty in the record must be resolved against the defendant. [Citations.]" (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.)

The appellate record does not identify the GMC Sierra truck as the truck defendant stole in the burglary. The complaint charged defendant with receiving a stolen GMC Sierra truck and a Dodge Ram truck and alleged that he took the Dodge Ram truck intending to deprive the owner of title and possession. Defendant pleaded guilty to receiving the stolen GMC Sierra truck.

The probation report said defendant was located with a stolen truck at a gas station and that he had keys to another stolen truck, a truck stolen in the burglary, in his pocket. It stated the truck stolen in the burglary was located at defendant's home. But the probation report does not identify the make or model of either truck, and the police reports that might have identified the vehicles are not contained in the record. Nothing in the plea colloquy or sentencing identifies the make or model of the truck stolen in the burglary. The only document that sheds light on the identification of the trucks cuts against defendant. Although it is not evidence, the prosecution's motion to consolidate the cases identified the truck stolen at the burglary as the Dodge Ram truck, not the GMC Sierra truck.

Defendant nevertheless argues three things that he claims establish the GMC Sierra truck was stolen in the burglary: (1) the complaint charged receipt of the stolen GMC Sierra truck as count 2 immediately following the count 1 burglary count, (2) defendant was charged with taking the Dodge Ram truck in addition to receiving it, suggesting it was the truck at the gas station and the GMC Sierra was the truck at his home; and (3) the trial court said the receiving crimes were committed at the same time.

Without more, the People's exercise of discretion in ordering the charges in the complaint does not establish that the GMC Sierra was stolen in the burglary; the complaint alleged both trucks were stolen on the same day. Likewise, the People's exercise of prosecutorial discretion to charge defendant with taking one of the stolen

4

trucks but not the other does not establish which truck was stolen in the burglary. Both trucks were taken to another location, one to the gas station and the other to defendant's home. Finally, the trial court's comment that receipt of the GMC Sierra and receipt of the Toyota Corolla occurred at the same time does not establish which truck was stolen in the burglary.

Because defendant has not established that he stole the GMC Sierra in the burglary, he has not established section 654 error. Accordingly, we do not address his argument regarding the restitution fine.

DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, J.

We concur:

_____/S/_____
ROBIE, Acting P. J.

_____/S/_____
HULL, J.